On the Merits.
Howell, J.
The plaintiff injoined an order of seizure and sale on the grounds:
Mr si — That the creditor had given an extension and was to receive rents of the property during said extension in consideration thereof.
Second — That out of said rents the creditor was to pay the insurance premium, which she failed to do.
*174 Third — The property is improperly described in the advertisement.
On the trial in the lower court the judge found that the extension, which had been granted, had expired before the writ issued and had not been renewed, but that the defendant had received sixty dollars in rents, for which no credit was given, and he perpetuated the injunction as to such sum and dissolved it as to the balance, without damages. The plaintiff appealed, and in the answer the defendant asks that the judgment be amended by allowing the highest damages and dissolving the injunction in toto, because, pending these proceedings, a remittitur was entered in the executory proceedings.
We think the judge a quo did not err in dissolving the injunction, for the sum really due and perpetuating it as to the small sum received by the defendant, but he should have allowed damages on the amount that was due. See 4 An. 150; ■ 3 An. 125.
The evidence does not establish the extension as alleged by plaintiff, and the remittitur is an admission that the writ issued for more than was due. The making of a remittitur does not remove the existence of the cause for the injunction, to that extent, at the date of its existence.
It is therefore ordered that the judgment appealed from be amended by condemning the plaintiff and his surety on the injunction bond in solido to pay defendant, Z. Meyer, $600 damages and all costs of suit.
Rehearing refused.